Gordon R. Coates and Thelma B. Coates v. Commissioner.
Coates v. Commissioner
Docket No. 50977.
United States Tax Court
T.C. Memo 1955-280; 1955 Tax Ct. Memo LEXIS 58; 14 T.C.M. (CCH) 1091; T.C.M. (RIA) 55280; October 18, 1955
*58 Held, petitioners' failure to file a declaration of estimated tax for 1950 was due to willful neglect and was not due to reasonable cause. Otto R. Erker, Esq., Ambassador Building, St. Louis, *59 Mo., for the petitioners. Hunter D. Heggie, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: The respondent determined a deficiency of $135.56 in the income tax of petitioners for the taxable year 1950 which petitioners do not contest. He further determined that petitioners were liable for an addition to tax in the amount of $2,462.25 for failure to file a declaration of estimated tax for 1950. The only question presented is whether petitioners are liable for the addition to tax. Findings of Fact Petitioners are husband and wife residing in St. Louis, Missouri. They filed a joint Federal income tax return for the year 1950 with the collector of internal revenue for the first district of Missouri. They filed a declaration of estimated tax for each of the years 1943 through 1949 and 1951 through 1953 and in most of those years overpaid the taxes due. They did not timely file a declaration of estimated tax for the year 1950 or make payments thereon. Gordon R. Coates (hereinafter referred to as petitioner) has large and substantial business interests. He regularly receives salary greatly in excess of $5,000 per year and dividend *60 income in excess of $60,000 per year. He expected that his income other than salary income for the year 1950 would far exceed $100 and he could reasonably anticipate dividend income in the approximate amount of $63,000. Petitioners reported income from the following sources and in the following amounts for the years 1949 and 1950: Source
1949
1950
Salaries
$18,000.00
$19,561.44
Dividends
62,748.00
63,028.00
Interest
11,337.25
4,071.00
Rent
1,116.56
2,100.00
Farm
(14,604.57)
(5,986.55)
Capital Gain (net)
169.92 Federal income taxes withheld from the salaries of petitioners in 1950 amounted to $1,589.55. Petitioner employed Joseph H. Deeken of the accounting firm of Bohl and Deeken, St. Louis, Missouri, continuously from 1936 through 1950 to handle all of his tax matters including the preparation and filing of returns and declarations. Deeken is a certified public accountant and an attorney. He satisfactorily represented petitioner with the Bureau of Internal Revenue as to certain matters pertaining to prior taxable years. During each of the years from 1936 through 1950 petitioner relied completely upon the advice and services of Deeken to *61 see that all tax returns and similar documents were prepared and filed when due and that all of his taxes were timely paid. In reliance on his accountant petitioner believed that all of the necessary tax documents for the year 1950 had been filed. Petitioner kept a set of books and records concerning his personal finances which showed the income and expenses of all his business interests. In early 1950, as was his practice, petitioner submitted a tabulation of these books and records to Deeken for use in the preparation of the necessary returns and documents. Deeken did not audit the personal books of petitioner; however, any additional information needed was always prepared and sent to him by Wesley Brandt, one of petitioner's employees who had intimate knowledge of petitioner's finances. Prior to March 15, 1950, petitioner discussed with Deeken the outlines of his business and what his companies would do in the coming year. There was some discussion about his whole income. Deeken did not tell petitioner not to file a declaration of estimated tax for the year 1950 and prior to March 15, 1950 there was no discussion as to whether a declaration for 1950 should be filed. At no time *62 did Deeken indicate to petitioner that any tax document, return, declaration or other paper that should have been filed was not filed. Petitioner filed out of time on January 15, 1951, a declaration of estimated tax for 1950 with a remittance of $30,000. Petitioner estimated on the declaration that the amount of income tax withheld in 1950 was $4,000. Subsequent to an investigation of petitioner's 1950 income Deeken prepared and submitted the following letter to petitioner for signature: "July 1, 1952 "Internal Revenue Department
St. Louis
Missouri. "Gentlemen: "With regard to the taxpayers filing an estimate in January 1951 for the 1950 tax the taxpayers filed the estimate in January 1951 and paid $30,000.00 in taxes in order to have at least 80% of the tax paid as required. However, it is difficult to determine the estimated income because of the operation of a farm and the farm operations cannot be determined prior to the end of the year. The taxpayers overpaid their 1948 taxes by $3,957.64 and overpaid their 1949 taxes by $8,116.86 and overpaid their 1951 taxes by $1,291.32. "It is because of this and the belief that the important factor was to have 80% of the *63 tax paid that the taxpayers did not file estimated tax returns prior to January, 1951 for 1950. Taxpayers did for 1952 file an estimated return prior to June 15, 1952 and paid the tax installment. "(Sgd.) Gordon R. Coates Gordon Coates" Petitioner signed this letter upon the instruction of Deeken without being told whether Deeken's failure to prepare a declaration was pertinent. Petitioners' failure to file a declaration of estimated tax for 1950 was due to willful neglect and was not due to reasonable cause. Opinion Petitioners failed to file a declaration of estimated tax for the taxable year 1950 as required by section 58(a), [1] Internal Revenue Code of 1939. Respondent has accordingly determined that petitioners are subject to an addition to tax pursuant to section 294(d)(1)(A), [2] Internal Revenue Code of 1939. *64 Petitioners do not deny the existence of the obligation to file an estimate and pay part of the tax. They argue, however, that reliance upon their accountant constitutes reasonable cause for failure to file the required declaration. Whether or not reasonable cause exists is a question of fact to be decided upon the peculiar circumstances of each case. Petitioner was a successful business man. He had large and diverse business interests. He regularly received salary in excess of $5,000 per year and dividend income in excess of $60,000 per year. He filed timely declarations of estimated tax for each of the years since the enactment of the withholding tax in 1943 through 1949. It does not appear that prior to March 15, 1950 petitioner considered whether a declaration for 1950 should be filed and he did not consult his accountant specifically with regard to the filing of a declaration for 1950. Petitioner testified that early in 1950 he submitted a tabulation of his books and records to his accountant for use in the preparation of his 1949 income tax return and any necessary tax documents. Thereafter in reliance upon his accountant he believed that all of the necessary tax documents *65 for 1950 had been filed. The only reason offered by petitioner for this reliance is that the accountant had been handling his tax work for fourteen years and was thoroughly familiar with his affairs. Under the circumstances here present we are unable to conclude that the failure to file a declaration was due to reasonable cause. Petitioner filed a declaration for each of the seven years prior to the year in question. He could not have helped but know that his expected income for 1950 required him to file an estimate. [3]
Under circumstances such as existed here, where the taxpayer has regularly received substantial taxable income for a number of years and has been accustomed to file declarations of estimated tax, where he anticipated no material change in the sources and amounts of his income and was fully aware of the requirement for filing a declaration, his failure to file a declaration of estimated tax for the year involved cannot be excused on the ground that he relied upon his accountant. Cf. Hyman B. Stone, 22 T.C. 893, 906; *66 Malcolm Clifton Davenport, 6 T.C. 62, 67. The mere placing of a tabulation of his books and records in the hands of his accountant and thereafter giving no more of his personal attention to the question of the filing of required returns does not appear to us to be the exercise of ordinary business care and prudence. As this Court pointed out in Ned Wayburn, 32 B.T.A. 813, 818, "The rendering of a proper return should be regarded by every citizen as a vital part of his life equally with that of attention to his business." Reliance Factoring Corporation, 15 T.C. 604, and Haywood Lumber & Mining Co. v. Commissioner, 178 Fed. (2d) 769, both of which involved personal holding company returns which the taxpayers there were not accustomed to filing, are distinguishable. Petitioners' failure to file a declaration of estimated tax for 1950 was due to willful neglect and not due to reasonable cause. Accordingly the addition to tax determined by respondent is sustained. Decision will be entered for the respondent. Footnotes
1. SEC. 58. DECLARATION OF ESTIMATED TAX BY INDIVIDUALS. (a) Requirement of Declaration. - Every individual (other than an estate or trust and other than a nonresident alien with respect to whose wages, as defined in section 1621(a), withholding under Subchapter D of Chapter 9 is not made applicable) shall, at the time prescribed in subsection (d), make a declaration of his estimated tax for the taxable year if - (1) his gross income from wages (as defined in section 1621) can reasonably be expected to exceed the sum of $4,500 plus $600 with respect to each exemption provided in section 25(b); or (2) his gross income from sources other than wages (as defined in section 1621) can reasonably be expected to exceed $100 for the taxable year and his gross income to be $600 or more. ↩
2. SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT. * * *
(d) Estimated Tax. - (1) Failure to File Declaration or Pay Installment of Estimated Tax. - (A) Failure to File Declaration. - In the case of a failure to make and file a declaration of estimated tax within the time prescribed, unless such failure is shown to the satisfaction of the Commissioner to be due to reasonable cause and not to willful neglect, there shall be added to the tax 5 per centum of each installment due but unpaid, and in addition, with respect to each such installment due but unpaid, 1 per centum of the unpaid amount thereof for each month (except the first) or fraction thereof during which such amount remains unpaid. In no event shall the aggregate addition to the tax under this subparagraph with respect to any installment due but unpaid, exceed 10 per centum of the unpaid portion of such installment. For the purposes of this subparagraph the amount and due date of each installment shall be the same as if a declaration had been filed within the time prescribed showing an estimated tax equal to the correct tax reduced by the credits under sections 32 and 35.↩
3. Petitioners' own witness, a certified public accountant, testified that even a layman with these facts before him would have filed an estimate.↩